UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES BRITT, ET AL.,**<br>    Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2746 c/w**<br>**24-2905, 25-531** |
| **OLD DOMINION FREIGHT**<br>**LINE, INC., ET AL.,**<br>    Defendants | **SECTION: "E"(3)** |

*Applies to: 24-2746*

## ORDER AND REASONS

Before the Court is a motion for a final judgment pursuant to Federal Rule of Civil Procedure 54(b) filed by Shavonne Latimore ("Latimore").[1] Latimore asks this Court to certify the order dismissing her cross claim in action No. 24-2746 and the order granting summary judgment on her claims in action No. 25-531, both in this Court, as final and appealable, as all of her claims have been adjudicated on the grounds of prescription.[2] The motion is unopposed.

## BACKGROUND

### I.    Factual Background

This case arises out of a three-car accident that occurred on I-55 in Tangipahoa Parish, Louisiana.[3] In her original action (the "Latimore action," No. 25-531), Latimore alleges that on September 2, 2023, she was driving a Kia Optima in the right lane of I-55 heading south when her "vehicle became disabled and her vehicle came to a complete stop

---
[1] R. Doc. 61 (No. 24-2746).
[2] R. Doc. 59 (No. 24-2746).
[3] R. Doc. 1-2 at p. 2 (No. 25-531).

1

in the right hand lane of travel."[4] Latimore alleges that, when her vehicle stopped, she activated her emergency signals, which enabled the car directly behind hers to "come to a complete stop behind [her] vehicle."[5] Latimore further alleges that Clifford Williams ("Williams"), "was negligently operating a 2019 Freightliner, behind the vehicle traveling directly behind [her], as a result of being inattentive and following too closely, failed to stop in time to avoid the vehicle immediately behind" her.[6] Latimore avers that Williams "made contact with the middle vehicle, which impact caused the middle vehicle to crash into" Latimore's vehicle.[7] The driver and passenger of the middle vehicle, James Britt ("Britt") and Kelly Budd ("Budd"), respectively, also were injured and filed this action (the "Britt and Budd action," No. 24-2746), which was later consolidated with the Latimore action.[8] Latimore alleges that Williams was "operating the vehicle within the course and scope of his employment for Old Dominion Freight Line, Inc."[9] Latimore alleges that the accident "was a direct result of [Defendants'] negligence."[10]

## II. Procedural Background

In the Britt and Budd action, Britt and Budd filed an amended complaint on April 10, 2025, naming Latimore as a Defendant.[11] On April 23, 2025, after the Court was notified of the connection between the Latimore action and the Britt and Budd action, the actions were consolidated.[12] Following consolidation, in the Britt and Budd action,

---

[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] No. 24-2746.
[9] R. Doc. 1-2 at p. 2 (No. 25-531).
[10] *Id.*
[11] R. Doc. 27 (No. 24-2746).
[12] R. Doc. 32 (minute entry) (No. 24-2746). Prior to this consolidation, the Britt and Budd action was already consolidated with another property damage subrogation action filed by James Britt's insurance company, No. 24-2905, arising from the same accident.

2

Latimore moved this Court for leave to file a cross claim against her co-defendants — Clifford Williams, Old Dominion Freight Line Inc., and Ace American Insurance Company[13] — which the Court granted.[14]

In the Latimore action, Defendants filed a motion for summary judgment on April 24, 2025, arguing Latimore's claim was prescribed.[15] On June 11, 2025, the Court granted the Defendants' motion for summary judgement in the Latimore action.[16] In the Britt and Budd action, Defendants filed a motion to dismiss Latimore's cross claim on May 28, 2025, arguing it also was prescribed.[17] The Court granted Defendants' motion to dismiss Latimore's cross claim in the Britt and Budd action on June 12, 2025, finding that the claim was prescribed.[18]

In the present motion,[19] Latimore requests that the Court certify as final the order dismissing her cross claim in the Britt and Budd action and the order granting summary judgment against her in the Latimore action.[20]

## **ANALYSIS**

Generally, a final judgment is appealable only after all the claims in an action are adjudicated.[21] Rule 54(b) however, "is an exception to the general rule that a final judgment is appealable after the adjudication of the rights and liabilities of all parties to

---

[13] R. Doc. 35 (No. 24-2746).
[14] R. Doc. 38 (No. 24-2746).
[15] R. Doc. 34 (No. 24-2746).
[16] R. Doc. 58 (No. 24-2746).
[17] R. Doc. 55 (No. 24-2746); R. Doc. 56 (No. 24-2746).
[18] R. Doc. 59; R. Doc. 60 (No. 24-2746).
[19] R. Doc. 61 (No. 24-2746).
[20] *Id.* The Court notes that, because the summary judgment in the Latimore action adjudicated all of the claims in that action, certification from this Court is not necessary. The Court has entered a final judgment in that matter (R. Doc. 76 (No. 25-531)) and Latimore may appeal the decision if she so chooses.
[21] 28 U.S.C. § 1291.

3

a proceeding."[22] Rule 54(b) establishes entry of a final judgment prior to the adjudication of all claims in an action is appropriate only:

> "When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."[23]

By balancing competing factors, the district court must determine if a final judgment advances the interests of sound judicial administration and justice to the litigants.[24]

The Court finds that allowing Latimore to appeal the dismissal of her cross claim in the Britt and Budd action is in the interest of sound judicial administration. The issue for appeal in both the Latimore action and the Britt and Budd action is whether Latimore's claims have prescribed. Latimore has the right to immediately appeal the grant of summary judgment on all her claims in the Latimore action based on prescription.[25] Preventing the appeal of the order dismissing her cross claim in the Britt and Budd action might cause the Fifth Circuit to consider whether Latimore's claims have prescribed in more than one appeal. Therefore, this Court finds there is no just reason for delaying the certification of the order dismissing Latimore's cross claim in the Britt and Budd action as a final appealable judgment.[26] Accordingly,

## CONCLUSION

**IT IS ORDERED** that Latimore's Motion for a Rule 54(b) Final Judgment[27] is **GRANTED**.

---

[22] *Akeem v. Dasmen Residential, LLC*, No. CV 19-13650, 2021 WL 4806913, at *1 (E.D. La. Oct. 14, 2021).
[23] FED. R. CIV. P. 54(b).
[24] *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 5 (1980).
[25] R. Doc. 76 (No. 25-531).
[26] There is no need for a Rule 54(b) certification of the motion for summary judgment because that judgment is already final.
[27] R. Doc. 61 (No. 24-2746).

**IT IS FURTHER ORDERED** that the order granting the motion to dismiss Latimore's cross claim[28] in the Britt and Budd action is certified as a final appealable judgment.

**New Orleans, Louisiana, this 23rd day of October, 2025.**

_____<br>
**SUSIE MORGAN**<br>
**UNITED STATES DISTRICT JUDGE**

---

[28] R. Doc. 59.